# THE TOLEDO, ST. LOUIS & KANSAS CITY RAILROAD COMPANY

## v.

## JESSE KID.

*Railroads — Ejection of Passenger—Damages—Special Findings—Number of—Discretion—Remarks of Counsel.*

1. This court, upon a review of the evidence, sustains a verdict of $300 for the plaintiff in an action to recover damages for having been wrongfully put off a moving train, some distance from a station, by a conductor of the defendant company.

2. It is within the discretion of the trial court to place a reasonable limit upon the number of interrogatories for special findings to be submitted to the jury.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of Shelby County; the Hon. J. J. PHILLIPS, Judge, presiding.

Messrs. WILEY & NEAL, for appellant.

We understand the law to be well settled that exemplary damages can not be allowed unless actual damages are shown, and not then unless the injury inflicted was wilful or malicious. T. H., A. & St. L. R. R. Co. v. Vanatta, 21 Ill. 188; C. & A. R. Co. v. Roberts, 40 Ill. 503; City of Chicago v. Martin, 49 Ill. 245; Hawk v. Ridgway, 33 Ill. 475; Pierce v. Milloy, 45 Ill. 189; T., P. & W. R. R. Co. v. Patterson, 63 Ill. 304.

Mr. ANTHONY THORNTON, for appellee.

WALL, P. J.   The appellee recovered a judgment against the appellant for $300, for having been put off a train by the servants of the appellant. The case made by appellee was, in substance, that he got on the train at Herrick, intending to go to Dresser, a distance of about four miles.

When the conductor came to him, he tendered fifteen cents, all the money he had, saying he wished to get off at Dresser, and was told by the conductor the train would not stop there and that he would have to go on to Ramsey. Appellee replied he wanted to go to Dresser only, and was then told that he must get off, to which he objected; but the conductor took him by the arm and led him through the car to the rear platform and forced him to get off, in doing which he fell and hurt himself severely. The train was then about one-fourth of a mile from Herrick and was moving at the rate of five or six miles per hour. Appellee is to some extent corroborated by other persons who were in the car and who saw and heard what took place, and is contradicted by the conductor as to what occurred on the platform.

It appears that Dresser was not at that time a regular station though trains frequently stopped there (and in fact this train stopped there on that trip), and appellee, on applying to the agent at Herrick for a ticket, was informed that tickets were not sold to that place but possibly the train would stop there. Appellee, who had been at work at Dresser and who had noticed trains stopping there, seemed to be willing to take the risk. In view of all the evidence we think there is no doubt that he was compelled by the conductor to get off, whether he was actually pushed off or not, and that in so doing he was quite seriously injured. According to some of the witnesses the conductor remarked it was a wonder he had not broken his neck. The conductor's version is that he told appellee he would check the train but before he could do so appellee jumped off, and that he said it was very foolish for a man to do such a thing. We are inclined to think the evidence sustains the verdict upon all material points.

It is quite certain the plaintiff was led through the car by the conductor and was ordered to get off. This substantially supports the allegations of force and violence in the declaration, and if the plaintiff, upon such a state of facts, did try to jump, and in doing so unskillfully, was injured, the defendant, having induced the act by its own wrong, must be held for the consequences. The damages are not unreasonable in view of the injury and the indignity sustained.

It is assigned as error that the court refused to give the following instruction.

"The jury are instructed that if you believe from the evidence that the defendant, by its conductor, ejected the plaintiff from its train at a point other than a regular station, and that such ejection was not wilful or malicious, then the plaintiff can only recover such damages as he has proven, and if the plaintiff was not injured you can give only nominal damages."

It was properly refused. Upon the undisputed facts plaintiff was entitled to more than nominal damages. He was by force compelled to go out of the car in the presence of other persons, and was unlawfully put off the train, and it is not doubtful that he received serious bodily harm. The act of the conductor in thus ejecting him from a moving train at a point one-fourth of a mile from a station was not only illegal but reckless. The plaintiff was exposed to great danger, and if there were no other element of damages than such exposure, the allowance ought to be more than merely nominal. C. & A. R. R. Co. v. Flagg, 43 Ill. 367; C. & N. W. Ry. v. Chisholm, 79 Ill. 589.

The following instructions for plaintiff are objected to :

"3. If the jury believe from the evidence that the plaintiff was forced off of the train by the defendant, at a place other than a regular station, and received injury therefrom, and this was done by the servants of the defendant, that then the defendant is liable for any injuries sustained by the plaintiff, even though he may not have paid any fare.

"4. If the jury believe from the evidence that the plaintiff was, by the servants of the defendant, forced from the train while the same was running, then the jury should assess the plaintiff's damages, if he has sustained any, and in fixing the damages the jury should consider all the evidence, the manner in which the plaintiff got off of the train, and the suffering and pain of the plaintiff, as shown by the whole proof."

There was evidence upon which to base these, and there was no error in giving them. The force and violence necessary to compel plaintiff to get off have already been referred to and need not be repeated.

It is also objected that the court erred in refusing to submit
the interrogatories Nos. 2, 3, 5 and 6 to the jury as requested
by the defendant. The court submitted those numbered 1, 4
and 7, and we think they covered all the points upon which a
special finding was necessary. The second was contained in
the seventh. The answer to the first made it unnecessary to
answer the third. The fifth was not controverted, and the
sixth was not necessary in view of the evidence.

While the statute under which interrogatories are author-
ized does not in terms impose a definite limit as to the number
and character of the special findings thus to be called for, yet
it must be implied that there shall be a reasonable limit in
every case, and unless it appears that the limit imposed by the
trial court probably affected the party complaining in some
material degree, such ruling ought not to be ground for revers-
ing a judgment.

It is objected that the language of counsel for plaintiff in
his closing argument was calculated to prejudice the jury and
to produce an unfair and unjust verdict. We think there is
nothing substantial in this objection, especially in view of the
result.

No other errors are assigned. The judgment will be
affirmed.

*Judgment affirmed.*